IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| EASON LAND CO., LLC, an Oregon limited liability company; JESSE D. WHITE; and PAMELA J. WHITE,<br><br>        Plaintiffs,<br><br>v.<br><br>SECRETARY OF THE UNITED STATES DEPARTMENT OF THE INTERIOR; DIRECTOR OF THE BUREAU OF LAND MANAGEMENT; DISTRICT MANAGER FOR THE VALE DISTRICT OF THE BUREAU OF LAND MANAGEMENT; FIELD MANAGER FOR THE JORDAN FIELD OFFICE, VALE DISTRICT OF THE BUREAU OF LAND MANAGEMENT; and OREGON STATE DIRECTOR OF THE BUREAU OF LAND MANAGEMENT,<br><br>        Defendants. | 2:14-cv-00951-SU<br><br>ORDER |

1 - ORDER

**BROWN, Judge.**

Magistrate Judge Patricia Sullivan issued Findings and Recommendation (F&R) (#22) on February 19, 2015, in which she recommends the Court grant Defendants'[1] Motion (#11) to Dismiss. Plaintiffs filed timely Objections (#24) in this matter and also filed a Motion (#25) for Leave to File Amended Complaint. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

## I. Findings and Recommendation

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

This Court has carefully considered Plaintiffs' Objections and concludes the Objections do not provide a basis to modify the Findings and Recommendation. The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

Accordingly, on this record the Court adopts Judge Sullivan's Findings and Recommendation.

---

[1] The F & R refers to Defendants collectively as "BLM."

2 - ORDER

**II.  Motion for Leave to Amend Complaint**

Federal Rule of Civil Procedure 15(a) provides a party may amend a pleading after a responsive pleading has been filed only by leave of court unless the opposing party consents to the amendment.  Rule 15(a), however, also provides leave to amend "shall be freely given when justice so requires."  This policy is to be applied with "extreme liberality."  *Moss v. United States Secret Svc.*, 572 F.3d 962, 972 (9th Cir. 2009).

The Supreme Court has recognized several factors that a district court should consider when determining whether justice requires the court to grant leave to amend.  Those factors include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [and] futility of the amendment."  *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010)(quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  The factor that carries the greatest weight is whether the amendment will cause the opposing party prejudice.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  "Absent prejudice or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."  *Id.*  "Delay alone no matter how lengthy is an insufficient ground for denial of leave to amend."  *United States*

3 - ORDER

*v. Webb,* 655 F.2d 977, 980 (9th Cir. 1981). *See also Quantum Tech. Partners II, L.P. v. Altman Browning and Co.*, No. 08-CV-376-BR, 2009 WL 1795574, at *19 (D. Or. June 23, 2009)(*aff'd,* 2011 WL 2214659 (9th Cir. Jun 07, 2011))(same). The party who opposes amendment bears the burden to show prejudice. *Adam v. Hawaii*, 235 F.3d 1160, 1164 (9th Cir. 2000)(*overruled* on other grounds)(citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)).

A proposed amendment to a complaint "'is futile only if no set of facts can be proved under the amendment . . . that would constitute a valid and sufficient claim.'" *Sweaney v. Ada Cnty., Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997)(quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). *See also Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008)(proposed amendment to a complaint is futile when the "complaint could not be saved by any amendment."). A plaintiff should be afforded an opportunity to test his claim on the merits rather than on a motion to amend unless it appears beyond doubt that the proposed amended complaint would be dismissed for failure to state a claim under Federal Rule Civil Procedure 12(b)(6). *Miller*, 845 F.2d at 214. *See also AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 957 (9th Cir. 2006).

Although Plaintiffs maintain Magistrate Judge Sullivan erred when she recommended dismissal of their Complaint (#1),

4 - ORDER

Plaintiffs now move to amend their Complaint in an attempt to cure any deficiencies in the original Complaint.  In a proposed amended complaint attached to Plaintiffs' Motion to Amend, Plaintiffs plead significant additional factual material to support their claim that Defendants improperly implemented the BLM's Final Decision to retrofit or to remove 20 reservoirs on BLM land for the purpose of complying with Oregon water law and not interfering with Plaintiffs' senior, downstream water rights.  In their proposed amended complaint, Plaintiffs retain their claims for a writ of mandamus, declaratory relief, and relief pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 706(1).  Plaintiffs, however, abandon their claim brought in their original Complaint under § 706(2) of the APA.

Defendants, in turn, contend Plaintiffs' Motion to Amend should be denied because Plaintiffs do not and cannot identify in their remaining APA claim any action that Defendants have taken in which the "'agency has ignored a specific legislative command.'"  Defs.' Resp. (#31) to Objections to F&R at 19 (quoting *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 593 F.3d 923, 932 (9th Cir. 2010)).

After a thorough review of Plaintiffs' proposed amended complaint, the Court concludes Plaintiffs' proposed amendment

5 - ORDER

would be futile. As Judge Sullivan noted, because neither mandamus (28 U.S.C. § 1361) nor the Declaratory Judgment Act (28 U.S.C. § 2201) provide a stand-alone waiver of sovereign immunity, Plaintiffs' claim under § 706(1) of the APA is the only possible authority to support Plaintiffs' claim for waiver of sovereign immunity in Plaintiffs' proposed amended complaint. F&R (#22) at 10-11.

The additional factual allegations in Plaintiffs' proposed amended complaint are primarily concerned with the implementation of the BLM's Environmental Assessment and Final Decision. As Judge Sullivan concluded in the F&R adopted herein, however, "implementation of an agency action is not subject to judicial review," and Plaintiffs have failed to allege or to identify any nondiscretionary action mandated by legislative command that Defendants have failed to perform timely. F&R (#22) at 16-19 and n.10. Thus, Plaintiffs' claim under § 706(1) is not viable even as pled in Plaintiffs' proposed amended complaint. Plaintiff has not made a showing that any other unpled claims could provide a valid waiver of sovereign immunity.

Accordingly, because Plaintiffs have failed to plead a viable claim under § 706(1) of the APA and because neither Plaintiffs' claims for mandamus nor declaratory relief provide a stand-alone waiver of sovereign immunity, the Court concludes on this record that Plaintiffs' proposed amendment to their

Complaint would be futile.

## CONCLUSION

For these reasons, the Court **ADOPTS** Magistrate Judge Sullivan's Findings and Recommendation (#22) and, therefore, **GRANTS** Defendants' Motion (#11) to Dismiss Plaintiffs' Complaint in its entirety.  The Court also **DENIES** Plaintiffs' Motion (#25) for Leave to File Amended Complaint.  The Court, therefore, **DISMISSES** Plaintiffs' Complaint (#1) **with prejudice**.

IT IS SO ORDERED.

DATED this 7th day of April, 2015.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

7 - ORDER